ADAM M. NELSON
ATTORNEY AT LAW

3000 MARCUS AVENUE, SUITE 1E5
LAKE SUCCESS, NEW YORK 11042
TELEPHONE: (516) 328-6200
FAX: (516) 328-6354

NEW YORK OFFICE:
111 JOHN STREET
SUITE 640
NEW YORK, NY 10038

May 20, 2008

BY ECF & FEDERAL EXPRESS

Hon. Richard J. Holwell
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: United States v. Mario Ghirardelli
07 Cr 391 (RHJ)

Dear Judge Holwell:

Mario Ghirardelli is scheduled to appear before your Honor on June 4, 2008 to be sentenced, pursuant to his plea of guilty to the above-captioned Indictment charging him with Conspiracy to Commit Access Device Fraud in violation of Title 18 United States Code sections 1029(a)(5).

Upon review of the Pre-Sentence Report (PSR) prepared by the Probation Department the defendant agrees with Advisory Guideline Computation contained therein.  More specifically Ghirardelli agrees, as he stipulated in his plea agreement, that his total offense level is 6[1], his Criminal History Category is III and accordingly his Advisory Sentencing Range is 2-8 months incarceration.

Since the Applicable sentencing range falls in Zone B of the Sentencing Table Ghirardelli is eligible for a sentence of Probation that includes a condition of community confinement or home detention of at least 2 months.  Similarly any sentence of imprisonment may be served as community confinement or home detention provided that at least one month is satisfied by imprisonment. See U.S.S.G. 5C1.1(c)(2)(3).  With respect to satisfying this requirement the defendant wishes to point out that he was detained upon this matter from 9/18/07-10/29/07 a period of 5 weeks.

Ghirardelli objects to a number of representations and conclusions contained with the PSR which are addressed below.

---

[1] Pursuant to U.S.S.G. 2B1.1 Ghirardelli's Base Offense Level is 6; as he is responsible for a total loss amount of $7,495 a 2 level enhancement is warranted pursuant to 2B1.1(a)(2). Having entered a guilty plea and admitting his guilt a 2 level reduction for Acceptance of Responsibility is warranted as provided by 3E1.1.

Hon. Richard J. Holwell
May 20, 2008
Page 2

More significantly, by this memorandum and for the reasons more fully set forth herein Mario Ghirardelli respectfully requests that the court impose a sentence based upon all the factors set forth in 18 U.S. C. 3553(a), Gall v. United States, 06-7949, __ S.Ct. __ (2007), Kimbrough v. United States, 06-6330, __ S.Ct. __ (2007); United States v. Booker, 125 S.Ct. 738 (2005) and United States v. Crosby, 397 F.3d 103 (2nd Cir. 2005). It is submitted that in applying those factors a reasonable sentence sufficient but not greater than necessary to comply with the sentencing objectives described therein that a sentence of Probation with conditions of home confinement is appropriate.

Therefore, please accept this memorandum as an effort, pursuant to United States Sentencing Guidelines section 6A1.3, to focus the Court's attention on those issues important to the determination of the defendant's sentence so as to facilitate the imposition of an appropriate sentence.

## DEFENDANT'S CONTENTIONS

As set forth above, upon review of the Pre-sentence Report the defendant contests certain portions of the report. For purposes of convenience the paragraphs of the Pre-sentence report which are contested are addressed in chronological order below. Reference to the corresponding numbered paragraph of the Pre-sentence report is utilized to facilitate review.

### Paragraphs 46 - New York County Probation Warrant

**Probation's Position:** PSR Paragraph 46 states that although no problems were reported by Ghirardelli's probation officer between June-November 2004 "it appears that adjustment problems developed sometime thereafter, as a violation of Probation was filed" resulting in a bench warrant being issued on April 5, 2006.

**Defendant's Position:** Ghirardelli did not have any difficulties or problems with Probation in New York County between 2004 and the issuance of the warrant. Following discussions with the New York State Probation Officers Dupree and Polite the following. In 2005 Ghirardelli's Kings and New York County probationary terms had been consolidated with a single Probation Officer, supervised in Kings County. Upon Ghirardelli's 1/3/06 arrest for Harassment the Cleveland, Ohio arrest warrants for bank fraud were executed. All three of those matters were subsequently dismissed as discussed more fully herein. However, as result of the arrests Ghirardelli's Kings County Probation was revoked, he was sentenced to Time Served upon the technical violation of arrest and Supervision was terminated. (See PSR 39 and 43).

Similarly a technical violation based the arrests was filed in New York County. Thereafter a warrant was issued on 4/5/06 when the defendant did not report to Probation. Ghirardelli did not report for two reasons. First, he at that time he mistakenly believed that his discharge in Kings

Hon. Richard J. Holwell
May 20, 2008
Page 3

County likewise terminated his Probation in New York County. His failure to subsequently report to Probation in New York County, where he had been in compliance for two years was as a result of this mistaken assumption. As explained above his confusion is somewhat understandable because at the time of revocation he was being supervised by one officer for both terms of Probation. Second, between 1/306-7/11/06 he could not report to probation because he was incarcerated in Ohio following his waiver of extradition to that jurisdiction. Upon the dismissal of the Ohio charges Ghirardelli did not report to probation in New York County because he was unaware he remained on Probation in that jurisdiction. Indeed he was unaware of the existence of the warrant until receipt and review of the Pre-sentence Report.

Ghirardelli has contacted P.O. Polite his present probation officer and has made arrangements for his voluntary appearance in Part 72 of New York County Supreme Court to resolve the technical violation.

### Paragraphs 52-58 - Cleveland, Ohio Arrests

**Probation's Position:** PSR Paragraphs 52-58 provides detailed information concerning a bank fraud scheme in that jurisdiction. Probation goes to significant lengths to imply that Ghirardelli participated in those offenses based upon information provided by Olukayde Eddo (PSR 52); a bank photo that allegedly matched the defendant (PSR 53); and information from the case detective including the contention that " all the bank transactions involving Ghirardelli were video taped" (PSR 56-57).

**Defendant's Position:** Following discussion with Ghirardelli's former legal counsel in Cleveland, Steven Bradley we have been advised that neither the photographs nor the videotapes of the individual alleged to be Ghirardelli even remotely resemble him. Moreover, the genesis of the investigation, information from Olukayde Eddo was fatally flawed.

By way of background Ghirardelli and Eddo had been high school classmates in Nigeria. Eddo had emigrated to the United States while the defendant was attending college at Obafemi Awolowo University in Ile-Ile, Nigeria. Following his separation from his first wife, Belinda Renee McPherson in late 2002 the defendant moved into an apartment with Eddo located at 364 East 96th Street, Brooklyn, N.Y.

On the evening of April 22, 2003 Eddo shot a gust who was visiting him in the apartment. Ghirardelli called 911. Upon the police responding a search of the residence led to the recovery of weapons and narcotics in Eddo's bedroom. Although he had not been the subject of the investigation and was the source of the 911 call Ghirardelli was likewise arrested upon the discovery of the contraband in the premises. (See PSR 39-40). Angry that Ghirardelli had called 911 resulting in his arrest and subsequent conviction Eddo later falsely implicated him in the Cleveland scheme.

Hon. Richard J. Holwell
May 20, 2008
Page 4

This was made clear following review of the photographs, videotapes and the discovery that Eddo was in fact incarcerated in New York at the time of the alleged scheme thereby demonstrating he lacked any actual knowledge of Ghirardelli's participation.

As a result of the investigation the Cuyahoga County Prosecutors Office dismissed all charges against the defendant on July 11, 2006. It is submitted that it is inappropriate for Probation to imply that Ghirardelli participated in this Ohio scheme in light of the clear evidence demonstrating his lack of culpability.

Indeed it is particularly disturbing to note that Probation relies upon both this arrest and Ghirardelli's arrest on April 22, 2003 as the primary basis for recommending a sentence of 6 months incarceration.

In describing Ghirardelli's April 22, 2003 arrest Probation states "his first arrest and conviction was the watershed in his life that defined his willingness to commit future crimes". After providing graphic detail concerning Olukayode Eddo's participating in the incident the report continues by stating it appears that Ghirardelli did not disassociate himself from Eddo following that arrest "since their names surfaced in connection with alleged bank fraud activity in Cleveland".

As discussed above not only was Ghirardelli not involved in any of the charges of violence that had been brought against Eddo, he was the source of the 911 call. It is significant to note that other than that instance Ghirardelli has never been implicated as a participant in narcotics distribution or crimes of violence. Moreover, contrary to Probation's assertion Ghirardelli completely disassociated himself with Eddo following this arrest. His name surfaced in the Cleveland investigation because Eddo falsely implicated him in that scheme in an attempt to shorten his sentence for a Ohio robbery that had nothing to do with Ghirardelli because he remained angry that the defendant had called the police in New York following the shooting incident on April 22, 2003.

### PSR 59-60 - August 16, 2006 Shooting Incident

Equally disturbing is the inference of violence surrounding an event which occurred on August 16, 2004. On August 16, 2004 the defendant while in the company of his cousin Oluwatoyin Daramola and a number of her friends was a victim of violence. Unknown males assailed them on the street at gunpoint and when they fled fired shots at the house they fled into. His cousin contacted the police and the defendant identified himself as a witness. For some reason Probation has included this incident where Ghirardelli was a victim of criminal conduct in the section of the PSR entitled "Other Arrests". It is submitted that this is completely inappropriate .

Hon. Richard J. Holwell
May 20, 2008
Page 5

## A SENTENCE OF PROBATION IS WARRANTED

It is against this background that the defendant asks that the court evaluate his request for the imposition of a sentence of probation.

In the wake of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) the Second Circuit in <u>United States v. Crosby</u>, 397 F.3d 103 (2nd Cir. 2005) has recently instructed district courts with some pertinent suggestions as to the appropriate procedure to follow in sentencing. In so doing the court has instructed that although the Sentencing Guidelines are no longer mandatory the sentencing court must consider the guidelines which *normally* require determination of the applicable guideline range. The court should then, after considering all the additional factors set forth in 18 U.S.C. 3553(a) decide whether (i) to impose a sentence that would have been imposed under the guidelines (i.e. a sentence within the applicable guidelines range or within permissible departure authority, or (ii) to impose a non-guideline sentence. (<u>Crosby</u> <u>supra</u> ). That scope of discretion in determining the reasonableness of a sentence within the context of a 18 U.S.C. 3553 analysis has surely been reinforced most recently by the Supreme Court in <u>Gall v. United States</u>, 06-7949, ___ S.Ct. ___ (2007), <u>Kimbrough v. United States</u>, 06-6330, ___ S.Ct. ___ (2007).

In considering the imposition of sentence it is respectfully requested that the court consider the factors articulated in 18 U.S.C. 3553(a) as they apply to Mario Ghirardelli.

It is respectfully submitted that Probation is incorrect in asserting that incarceration is warranted due to Ghirardelli's undeterred criminal conduct. Indeed for the past two years Ghirardelli has completely altered his life.

He moved to Landover, Maryland to reside with his sister Adekunie Ajayi where he acquired employment working in her catering business. As her annexed letter states in 2006 he moved from New York to Maryland "because he was ready to turn his life around and make a positive contribution to society and he has since been on the right path". As she states he has been employed in her catering business earning $300 a week. He also assists he in caring for her three children.

As she and Nataki Houstone, the mother of his four year old daughter Bianca point out the defendant has been a loving and supportive father providing regular financial support.

Through his sister the defendant met Folajomi Lofinmakin whom he married this past December. Ms. Lofinmakin, a United States citizen is employed by Lockheed Martin as an information Specialist. As PSR Paragraph 71 relates Ms. Lofinmakin is fully aware of the defendant's prior criminal history and believes both that individuals have the ability to change their lives and that Ghirardelli has made positive strides toward that goal. She describes the defendant as hardworking, ambitious and good to her and her daughter. As Ms. Lofinmakin makes clear in her letter the defendant moved from New York to distance himself form the those who had influenced

Hon. Richard J. Holwell
May 20, 2008
Page 6

him in participating in criminal conduct. She details the great strides he has made to turn his life around describing his commitment to family, employment and education as evidence that he is seeking to change from his past conduct. Clearly she articulates that type of factors 3553 require the court consider.

The home environment she provides presents financial stability and security through her employment. This stability is reinforced by the presence of the defendant's older sister Adekunle Ajayi with whom he works and interacts with regularly. Ajayi and the defendant's wife are very close hence they together present a strong support network which had been previously lacking in the defendant's life.

This is demonstrated by the fact that over the past two years Ghirardelli has maintained gainful consistent employment working in his sister's catering business and working as a dispatcher for a nursing /home health care service. The letter of his employer, Kabiru Sonekan, a Registered Nurse is annexed. Mr. Sonekan runs a business wherein he assigns nurses and other home care aides to various clients. Ghirrdelli has been employed by him for the past six months. His duties include mail handling, answering phone calls to assist in staff assignments and office cleaning. Ghirardelli earns approximately $400 weekly in that capacity.

Ghiradelli's employment at two jobs clearly evinces his commitment to change. In addition he has completed a six month computer software course in Oracle at the University of Maryland. He enrolled for the spring 2008 semester at Maryland but was compelled to leave because he could not meet the tuition payments. (See Exhibit "B" ). Annexed hereto are letters from his wife, sister and employers documenting the significant strides Ghirardelli has made over the past two years to change his life around.

## CONCLUSION

When the Court imposes sentence upon a person, it naturally takes into account many factors, including the traditional objectives of deterrence, punishment and rehabilitation, carefully balanced by the gravamen of the offense, the defendant's culpability, his background and any particular factors about the defendant that should and do demand special attention.

The Court is well aware of the facts of this case, having been provided the extensive case history set forth in the Presentence report and this document and therefore such will not be reviewed any further herein.

Mario Ghirardelli stands before the court having plead guilty to the instant Indictment charging him with Conspiracy to Commit Access Device Fraud.

Hon. Richard J. Holwell
May 20, 2008
Page 7

        In determining the sentence to be imposed, the court is faced with the task of balancing society's interests with those of the defendant.  In analyzing that juxtaposition, we would impress upon the Court, contrary to the assertions of Probation Mr Ghirardelli's significant efforts over the past two years to change his life.  His move to Maryland, marriage, gainful employment and efforts to continue his education all bode well for his future.  It is significant to note that the offense not being an "Aggravated Felony" as that term is defined in Title 8 of the United States Code

Ghirardelli remains a strong candidate to remain in the United States.  Indeed having married a United States citizen and with a stable environment has a strong chance of stabilizing his immigration status and becoming a lawful Resident Alien.

        It is requested that Court consider this background, the impact an Incarceratory sentence will have upon his family the steps he has taken towards rehabilitation and the effect incarceration would have on his ability to make restitution.

        These are indeed the type of factors that 18 U.S.C. 3553(a) and in the post Booker era <u>United States v. Crosby,</u> supra mandate that the court consider in imposing sentence.  This case does not involve violence nor firearms.  Mario Ghirardelli asks that the court consider these factors in determining what sentence should be imposed.

        Annexed hereto as Exhibit "A" are letters from his family that poignantly describe the defendant as well as the consequences of his incarceration.  We ask that the Court closely consider this letters when evaluating the arguments set forth herein in determining the appropriate sentence to impose upon Mario Ghirardelli.

        For the aforementioned reasons we urge the Court to fashion a sentence recognizing the defendant's conduct balanced by society's interests.  In light of these factors, we urge the court to adopt the arguments set forth above.  It is requested that the court impose a sentence of Probation that would include components of home confinement in lieu of incarceration.

                                Respectfully submitted,



                                Alan M. Nelson, Esq.


AMN/en

cc: AUSA Todd Blanche
    USPO Johnny Kim
    Mario Ghirardelli

EXHIBIT "A"

1706 Brightseat Rd, 203
Landover, MD 20785

May 16, 2008

Dear Judge Howell,

I am writing this letter on behalf of my husband Mario Ghirardelli, I have known him for about two years and we have been married for five months. He has proven himself to me that he is a hardworking and responsible man in the time that I have known him and I have a great amount of love and respect for him.

As you are aware, he is scheduled to appear before your court on his conviction of conspiracy to commit access device fraud. As you are also aware the crime occurred in 2005, this was before I met him. Since I have met him he has changed his life around drastically. He does his best to provide for his daughter and for the family. He pays child support and has been a great influence in his daughter's life. Things have not always gone right for Mario in his life, he has found himself mixed up with friends who have influenced him negatively and he has made bad decisions. His main reason for moving away from New York was to distance himself from that setting and to turn his life around for the better. He moved to Maryland, got a job, went back to school and started the steps to turn himself to the man you see before you. He just completed a certificate course in ORACLE DATABASE and is looking forward to take the next course in the fall.

Your honor, Mario knows and acknowledges that he is not perfect and he knows and understands what he needs to do to turn his life around, which he has been working on for the past two years, when his past came back to haunt him. He is honest, courageous, a loving and doting father. He goes out of his way to help people and everyone who has met him can testify to that. The most important characteristic of Mario to me as his wife is that he is now a God fearing man.

Your honor, Mario deeply regrets what he did in the past, and he is ready to put his past behind him and move on with his life. I do not think society will benefit from sending him to jail, a prison sentence will be detrimental to me, his daughter and his family; his daughter is his world they speak all the time and she loves him so dearly.

I ask that you please be lenient in your sentencing and take into consideration of all the progress Mario has made and continues to make in life. I would like to thank you very much for taking time to read my letter to you.

Signed respectfully

FOLAJOMI LOFINMAKIN

6925 Allison Street D7
Landover MD 20784

May 17, 2008

Dear Judge Howell,

I am writing this letter on behalf of my brother Mario Ghirardelli, who will be appearing in your courtroom for sentencing on the charge of conspiracy to commit access device fraud. I am writing to plead for leniency on his sentence, I have known Mario all of his life and I know that he is a good young man who has found himself in bad situations.

He has made some very bad choices in his younger days, but deep down he is a responsible and a hardworking man. He moved to Maryland from New York in 2006 just because he was ready to turn his life around and make a positive contribution to society and he has since been on the right path of life. He has a daughter that he really loves and takes good care of. He pays child support and has a great relationship with her. He works hard to provide for his daughter and maintains his home. He got married about five months ago to a wonderful young woman who has helped him put his priorities in place.

I run a catering business and Mario has been of great help to me. He comes around after work and school to help with the running of my business. I pay him $300/week I am also a single mother of three boys and a girl. He is like a father figure to my sons and they look up to him and he teaches them what they need to know to be responsible young boys, so they do not make the same mistakes that he did. He also helps with their schoolwork.

You honor, Mario knows and realizes what he has done and he regrets it. He has turned his life around for the better. He has returned to our roots, the church. Our mother raised us in the church and Mario knows and fears GOD because the fear of God is the beginning of wisdom.

Your honor, please be lenient with him, have mercy on him, and please take account of all of us that needs him around and the fact that the crime occurred three years ago. He has since turned his life around and with all of us around him, I have no doubt in my mind that he will end well. My children and I ask for you to please have mercy on him. Thank you for taking out time to read my letter.

Yours sincerely

Adekunle Ajayi

Kabiru Sonekan
410 Ashaway lane
Upper Marlboro, MD 20774
May 11, 2008

United States District Court
Attention: Hon. Judge Richard Holwell

Dear Judge Richard Holwell:

My name is Kabiru Sonekan residing at the above address, married with five children and a successful Maryland health care staffing business man.

This is to certify that I have known Mario Ghirardelli for several years as a dependable, responsible and hard-working friend.

He has been working as my personal assistant for the past six months and earning $400 a week ($10/hr, 40 hours/week).

The nature of his job consists of the following:

- Mail handling
- Answering phone calls
- Office cleaning

With his work ethics, I will like to keep him employed.

I am writing this letter to you to ask for leniency on Mario Ghirardelli's case. He works hard and he is responsible for the well-being of his family. It will be highly appreciated if this request is granted.

Sincerely,

Kabiru Sonekan, RN

May 16, 2008

Dear Honorable Judge Richard J Holwell,

My name is Nakia M Hustene, I am the mother of Mario D Ghirardelli's Child Bianca Ghirardelli. The reason I'm writing you is not for Mario or myself, but for Bianca.

Bianca is four and is about to turn five next month. She is a very beautiful and special little girl. I love her very much and that is why I'm writing you. To ask you to please reconsider sending her father away. She is very attached to him and loves him more than anything. Mario is a very good father to her. Bianca since she was born no one could break there bond.

Financially I can't do it by myself, I need his help. I honestly can't do it on my own. Mario is planning on returning to Mon Sudan Sand College this summer to take a active corse so he can get a better job to take care of her and myself, but it will be difficult to go to school and work.

which is why Maria and I
decided he was to take Bianca
for the Summer I have no one
else but him to help me raise
our daughter, So I beg you
to please reconsider, Bianca
Should not have to pay for
her fathers mistake.

Thank you
Julia M. Hastonge

EXHIBIT "B"





**Verizon High Speed Internet**
The best value in Broadband     Get it Today

Inbox     New    Reply    Reply all    Forward    Delete    Junk     Move to     Options

Junk

Drafts     **UMUC: Important Information Regarding Your Registration**

Sent

Deleted     From:    **Enrollment Management Team** (emteam@umuc.edu)

IT affairs     Sent:    Mon 1/21/08 2:11 PM

Oracle DBA    To:     Mario Ghirardelli (Mario_delli@hotmail.com)

sturvs

Manage folders    Dear Mario,

Today     This is to inform you that your tuition payment has not been received. If you do not pay in

Mail     full or make payment arrangements by January 22nd, 2008, you risk possible disenrollment

Contacts    from your course(s). We understand how demands on your time may lead to an oversight like

Calendar    this, so we want to assist you with initiating payment.

Payment can be made by credit card, debit card or e-check through MyUMUC under "My
Academics", "Finances", then "Make a Payment". Payment can also be made by calling 800-888-
UMUC to reach the Office of the Bursar. Cash, check, and money order payments can be made in
person only at Adelphi. Additionally, check or money order payments can be made directly to:

University of Maryland University College
3501 University Boulevard East
Office of the Bursar, SFSC 2241
Adelphi, MD 20783

UMUC offers these other payment options for you convenience:
-Financial aid is available. Visit the Financial Aid Office homepage at
http://www.umuc.edu/students/fincaid.shtml .

-Employer provided tuition assistance is accepted. Check with your employer to see if this
is available to you. If so, please FAX a copy of our tuition assistance authorization form
to 301-985-7858.

-A monthly interest-free payment plan is available through Tuition Pay at 800-635-0120 or
visit their Web site at www.tuitionpay.com .

-For additional ways to finance your education, visit http://www.umuc.edu/paymentoptions/ .

As always, you may contact us if we may be of any assistance. Don't take the chance of
losing your seat in the class and section of your choice!

If you believe you have received this message in error, please contact the Office of Student
Accounts at (800)888-8682, Option 1 or bursaroffice@umuc.edu

© 2008 Microsoft | Privacy | Legal       Help Central | Account | Feedback

5/14/08 7:56 AM

**STATE FARM INSURANCE**

The best value in auto insurance gives you great service and savings.
Switch to State Farm and save $369.

Get a quote    Find an agent

Inbox | Junk | Drafts | Sent | Deleted | IT affairs | Oracle DBA | sturvs

Manage folders

Today | Mail | Contacts | Calendar

New   Reply   Reply all   Forward   Delete   Junk

Move to   ▾     Options ❓

## UMUC: Registration Cancelled

From: **Enrollment Management Team** (emteam@umuc.edu)
Sent: Fri 1/25/08 1:51 PM
To: Mario Ghirardelli (Mario_delli@hotmail.com)



Dear Mario,

We are writing to inform you that your recent registration has been
cancelled because the University has not received your full tuition
payment. You are no longer enrolled in one or more of your courses for
Spring 2008.

If you wish to re-enroll for this term, we would like to offer our
assistance. Please be advised that some classes may have closed, and
therefore we cannot guarantee that we will be able to enroll you into
your original section(s). Your immediate attention to this matter will
facilitate securing your desired course selection(s).

Please remember that payment is expected in full when you register for
classes. Payment can be made by credit card, debit card or e-check
through MyUMUC under "My Academics", "Finances", then "Make a
Payment". Payment can also be made by calling 800-888-UMUC to reach
the Office of the Bursar. Cash, check, and money order payments can be
made in person only at Adelphi. Additionally, check or money order
payments can be made directly to:

University of Maryland University College
3501 University Boulevard East
Office of the Bursar, SFSC 2241
Adelphi, MD 20783

UMUC offers these other payment options for you convenience:

-Financial aid is available. Visit the Financial Aid Office homepage
at http://www.umuc.edu/studserv/fincaid.shtml.

-Employer provided tuition assistance is accepted. Check with your
employer to see if this is available to you. If so, please FAX a copy
of our tuition assistance authorization form to 301-985-7858.

-A monthly interest-free payment plan is available through Tuition Pay
at 800-635-0120 or visit their Web site at www.tuitionpay.com .

-For additional ways to finance your education, visit
http://www.umuc.edu/paymentoptions/ .

We look forward to re-enrolling you in your class(es). Contact us as
soon as possible to ensure that you remain on track with your academic
and career goals.

Sincerely,

Enrollment Management Team
Office of Enrollment Management
University of Maryland University College
3501 University Boulevard East
Adelphi, Maryland 20783
Toll-free: 800-888-UMUC
Fax: 301-985-7072
emteam@umuc.edu

© 2008 Microsoft | Privacy | Legal        Help Central | Account | Feedback



Enroll in a Class

Help

## Class Schedule

Mario Ghirardelli

Undergraduate

2008 Spring

Univ of Maryland Univ College

**BIOL 101**
Cls#: 23684

| Section | Component | Description | | Grading Option | Grade | Units | Status |
|---------|-----------|-------------|--|----------------|-------|-------|--------|
| 6311 | Lecture | Concepts of Biology | | Graded | | 3.00 | Enrolled |

Schedule: TBA

Instructor:

Location: TBA          02/07/2008 - 05/08/2008

*Alters & Alters, 'Understanding life', John Wiley & Sons - 4th Edition*

**BMGT 110**
Cls#: 22029

| Section | Component | Description | Grading Option | Grade | Units | Status |
|---------|-----------|-------------|----------------|-------|-------|--------|
| 4072 | Lecture | Intro to Business Management | Graded | | 3.00 | Enrolled |

7:00PM   9:50PM   Tues.,Thurs

Instructor: Chang,Hoshing W

Location: TBA

Chemistry/Biochemistry 0124   01/24/2008 - 03/13/2008

*Nickels, James McHugh Susan McHugh 'Understanding Business Custom package', McGraw Hill, 0077335883*

**EDCP 100**
Cls#: 22001

| Section | Component | Description | Grading Option | Grade | Units | Status |
|---------|-----------|-------------|----------------|-------|-------|--------|
| 4071 | Lecture | Principles Successful Learning | Graded | | 3.00 | Enrolled |

7:00PM   9:50PM   Mon,Wed

Instructor: Courtney,John E

Jimenez Foreign Language Hall 0112   01/23/2008 - 03/12/2008
2122

*Sanback, Stephanpil 'Principles & Strategies of effective learning', Cengage Custom publishing.*

**LIBS 150**
Cls#: 23661

| Section | Component | Description | Grading Option | Grade | Units | Status |
|---------|-----------|-------------|----------------|-------|-------|--------|
| 6311 | Lecture | Info Literacy Research Methods | Graded | | 1.00 | Enrolled |

Schedule: TBA

Instructor: Lucas,Beverly S

Location: TBA          02/07/2008 - 03/26/2008

Instructor: Lee,Andrew Y

UNIVERSITY OF MARYLAND UNIVERSITY COLLEGE
Tel. (800)888-UMUC  Web  WWW.UMUC.EDU

Bill Date: January 23, 2008

University of Maryland University College
Office of the Bursar - SFSC Room 2241
3501 University Blvd East
Adelphi, MD 20783-8040
(301) 985-7404

** Do not send cash **
Please include telephone number and student ID number on check.
Address Correction Requested.

    UMUC ADELPH 0000858168
     Mario D Ghirardelli
     6925 Allison Street #D7
     Landover Hills, MD 20784

ID#: 0379981

Account Balance:  $4,710.00

Amount Enclosed $_____.____

Credit Card Only:

Visa _____      MasterCard _____

Card# _____

Exp. Date _____

_____
Card Holder Name

_____
Card Holder Signature

Detach here and return with your payment.

| Trans Date | Description | Term | Due Date | Charges | Credits |
|---|---|---|---|---|---|
| | Prior Account Balance | | | | $4,710.00 |
| Jan 17, 2008 | WD 100% EDCP  100 6311 | 2008Spring | Jan 20, 2008 | | 1,398.00 |
| Jan 17, 2008 | Ugrad Technology Fee | 2008Spring | Jan 20, 2008 | | 15.00 |
| Jan 17, 2008 | Ugrad Technology Fee | 2008Spring | Jan 19, 2008 | 15.00 | |
| Jan 17, 2008 | EDCP  100 4071 | 2008Spring | Jan 19, 2008 | 1,398.00 | |
| | | | Subtotal | | $0.00 |
| | | | **Account Balance:** | | $4,710.00 |

If you feel you have received this invoice in error or need additional information, please contact
us at 1-800-888-UMUC or at bursaroffice@umuc.edu.
Failure to pay your charges or make payment arrangements immediately may result in disenrollment
and your loss of access to University services.
Please visit the MyUMUC portal to view your account details and make an online payment.

1. Request for services, e.g.,transcripts and diplomas, will be denied until all debts are paid.
2. State law requires UMUC to send delinquent accounts to the Central Collection Unit of the State Department of Budget and Fiscal Planning. When we
   do this you will be assessed a minimum collection charge of 17% plus you will be liable for the attorney or court costs, and your account will
   be reported to a credit bureau.
3. Stop payment of a check, failure to pay semester tuition bill, or failure to attend class does not constitute withdrawal from UMUC and does not
   void any charges on your bill. To withdraw officially you must file a withdrawal application in the Office of Administration and Registration.